UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-20821-CIV-DAMIAN/D'Angelo

**FREDERICO ABREU**,

    Petitioner,

v.

**ZOELLE RIVERA, in her official capacity as
ASSISTANT FIELD OFFICER DIRECTOR
KROME PROCESSING CENTER**, *et al.*,

    Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DISMISSING PETITION [ECF NO. 1] WITHOUT PREJUDICE AND GRANTING MOTION TO SUPPLEMENT [ECF NO. 29]

**THIS CAUSE** is before the Court on the Report and Recommendation Dismissing Petitioner's Verified Petition for a Writ of Habeas Corpus, entered by United States Magistrate Judge Ellen F. D'Angelo on May 12, 2025 [ECF No. 30 (the "Report and Recommendation" or "R&R")]. In the Report and Recommendation, Judge D'Angelo recommends that the Court grant the Petitioner's Motion to Supplement the Record [ECF No. 29] and dismiss the Petition [ECF No. 1].

THE COURT has considered the Report and Recommendation, Petitioner's Objections thereto [ECF No. 31 (the "Objections")], the pertinent portions of the record, and relevant authority and is otherwise fully advised.

## I. APPLICABLE LEGAL STANDARD FOR REVIEW OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). Since the Petitioner filed timely objections, this Court has reviewed the record *de novo*.

## II. RELEVANT BACKGROUND

Petitioner, Frederico Abreu, is a citizen of Brazil and, as of March 2006, a legal permanent resident of the United States. *See* Petition ¶ 12.

### A. Petitioner's Arrests And Convictions.

Since obtaining legal permanent resident status in 2006, Petitioner has been convicted in two separate cases of drug-related offenses. Specifically, on August 29, 2013, Petitioner was convicted in the Superior Court of California for the County of Los Angeles of three counts of possession of a controlled substance with intent to sell and forgery and was sentenced to 226 days' confinement and three years' probation. *See* ECF Nos. 27-2, 27-3. Later, on August 24, 2016, Petitioner was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute

methamphetamine and sentenced to 120 months' imprisonment, which was later reduced to 48 months' imprisonment. *See* ECF Nos. 27-2, 27-12. Petitioner does not dispute that he was convicted in these cases as set forth above.

### B. *Petitioner's Immigration Proceedings And Custody.*

As indicated above, Petitioner obtained legal permanent residency in March 2006. Following his conviction in the state court in California, on September 13, 2013, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody, and the Department of Homeland Security ("DHS") subsequently issued a Notice to Appear, charging Petitioner with removability as an alien convicted of an aggravated felony offense and a controlled substance offense under Sections 237(a)(2)(A)(iii) and (a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). *See* ECF No. 28-1. On February 28, 2014, Petitioner was ordered removed by an immigration judge, but that removal order was later remanded by the Board of Immigration Appeals. *See* ECF Nos. 27-2, 27-7, 27-8. After remand, on March 31, 2014, Petitioner and DHS stipulated to a $20,000 bond, and Petitioner was released from ICE custody on April 3, 2014. *See* ECF Nos. 27-2, 27-9.

While on bond from ICE custody, Petitioner was convicted in the federal drug case on August 24, 2016. While Petitioner was in federal custody on the federal criminal case, Petitioner's immigration bond was canceled. *See* ECF No. 27-14. When Petitioner was released from federal custody on December 23, 2020, he was transferred into ICE custody. *See* ECF No. 27-15. Due to COVID-19, ICE released Petitioner from custody subject to reporting requirements. *See* ECF No. 27-2 ¶ 25.

Then, on March 4, 2022, DHS moved to re-calendar Petitioner's immigration case, and Petitioner later appeared before an immigration judge on September 1, 2022 for a master

hearing and on June 1, 2023 for a merits hearing. *See id.* at ¶¶ 27-28. The merits hearing was continued at Petitioner's counsel's request. No further hearings took place over the following year and a half, and Petitioner remained out of custody while his immigration proceedings were pending. However, on February 8, 2025, ICE officers arrested Petitioner and took him into ICE custody at the Krome Detention Center, where he remained for four days before he was transferred to the Federal Detention Center, where he remains. *See* ECF Nos. 27-16, 27-17, 27-18. Petitioner also states that he did have a bond hearing before an Immigration Judge on March 30, 2025, and the Immigration Judge denied bond on grounds Petitioner is subject to mandatory detention and only DHS can facilitate his release. *See* Objections [ECF No. 31] at 5.

### C. Procedural History.

Petitioner filed the Petition in this Court on February 21, 2025. [ECF No. 1 ("Petition")]. In the Petition, Petitioner alleges that his detention is unlawful and that he is entitled to release from custody pursuant to the now-canceled $20,000 bond issued before his federal conviction on grounds "there is no evidence that the current immigration bond has been revoked." *Id.* ¶ 26. He also claims his detention has become unreasonably prolonged and that he is, therefore, entitled to release. *Id.*

Petitioner asserts four claims for relief: (1) violation of the INA based on prolonged mandatory detention after a bond determination; (2) substantive due process violation; (3) procedural due process violation; and (4) a request for attorneys' fees and costs. *See* Petition. Petitioner requests that this Court assume jurisdiction over this matter, issue an order directing Respondents to show cause why the writ should not be granted, issue a writ of

4

habeas corpus ordering Respondents to release Petitioner with conditions, and award Petitioner attorneys' fees and costs. *Id.* at 11–12.

The undersigned referred the Petition to United States Magistrate Judge Ellen D'Angelo for a Report and Recommendation. [ECF No. 24]. Magistrate Judge D'Angelo issued an Order to Show Cause and directed Respondents to file a Response to the Petition. [ECF No. 27]. Respondents filed their Response and supporting documents on March 20, 2025 [ECF No. 27], and Petitioner filed a Reply on March 27, 2025 [ECF No. 28]. Petitioner also filed a Motion to Supplement the Record on April 6, 2025 [ECF No. 29], to which Respondents did not respond.

On May 12, 2025, the Magistrate Judge issued her Report and Recommendation in which she recommended that the Motion to Supplement be granted and that the Petition be dismissed without prejudice. [ECF No. 30]. Petitioner filed Objections on May 27, 2025. [ECF No. 31]. Respondents did not file objections and did not respond to Petitioner's Objections. The Report and Recommendation is ripe for this Court's review.

### III. THE REPORT AND RECOMMENDATIONS

In the Report and Recommendation, the Magistrate Judge lays out the factual background in detail, including a discussion of Petitioner's personal circumstances and medical conditions and a description of the conditions at the Detention Centers where Petitioner has been detained, as well as a detailed discussion of the record and Petitioner's immigration proceedings. Where there are discrepancies in the record, the Magistrate Judge defers to Petitioner's recitation of events. The Magistrate Judge also considered the additional information supplied by Petitioner in the record.

The Magistrate Judge then engages in a thorough analysis of Petitioner's claims and the parties' arguments and an in-depth review and discussion of the relevant legal authorities.

In the Report and Recommendation, the Magistrate Judge determined that Petitioner is in mandatory custody pursuant to 8 U.S.C. § 1226(c), based on his convictions covered by Section 1227(B)(i). R&R at 8. The Magistrate Judge then reviewed cases interpreting Section 1226(c) in which the Supreme Court held that the statute's detention provisions are constitutional and that the statute does not contain implicit temporal limitations on the length of mandatory detention and does not require periodic hearings absent specific circumstances (*see Demore v. Kim*, 538 U.S. 510 (2003); *Jennings v. Rodriguez*, 583 U.S. 281, 305-06 (2018)). The Magistrate Judge also reviewed Eleventh Circuit cases discussing mandatory detention under Section 1226(c) and relevant considerations when determining whether prolonged detention violates aliens' due process rights (*see Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199 (11th Cir. 2016) ("*Sopo I*"), *vacated by*, 890 F.3d 952 (11th Cir. 2018) ("*Sopo II*")).

The Magistrate Judge concluded that Petitioner had not shown that his detention violates the INA on grounds that he should be released on the $20,000 bond granted in March 2014 and that he had been denied access to reasonably participate in the immigration proceedings. R&R at 12–13. She also determined that Petitioner had not shown a violation of the Administrative Procedures Act ("APA"). *Id.* at 13–14. The Magistrate Judge rejected Petitioner's claims that his due process rights had been violated, noting that Petitioner has been in custody for less than 6 months, that he has been afforded multiple hearings, and that his detention is authorized by statute. *Id.* at 16–17.

Therefore, the Magistrate Judge recommends dismissing the Petition. However, acknowledging the possibility that his detention may eventually be long enough to be

considered protracted, the Magistrate Judge recommended that the Petition be dismissed without prejudice. The Magistrate Judge also recommends denial of Petitioner's request for attorneys' fees and costs if the Petition is dismissed.

## IV. PETITIONER'S OBJECTIONS

Petitioner argues the Magistrate Judge misapplied the Supreme Court's holdings in *Jennings* and *Demore* on grounds she failed to consider that those decisions do not foreclose as-applied challenges based on prolonged, unreasonable detention, and according to Petitioner, a proper, individualized inquiry would support his release because he has been found to not be a risk of flight. Obj. at 6–7. He also argues that his mandatory detention is unlawful and a violation of due process because he has already been found to be eligible for a bond. *Id*. at 8. And Petitioner argues that his detention has been wrongfully prolonged through the fault of DHS. *Id*. at 9. Petitioner also cursorily objects to the Magistrate Judge's finding that he had waived a challenge under the APA and to her downplaying of the severity of his medical neglect. *Id*. at 10.

## V. ANALYSIS

After careful, *de novo* consideration of the record, including Judge D'Angelo's Report and Recommendation, this Court overrules Petitioner's objections and adopts the Report and Recommendation. The undersigned agrees with Judge D'Angelo's well-reasoned findings, thorough and astute analyses, and overall conclusions.

This Court finds Petitioner has not offered any authority supporting his claim that Section 1226(c) is unconstitutional as applied to his circumstances. Rather, this Court finds Petitioner's circumstances, in which he concedes he falls within the mandatory detention provisions in light of his prior convictions, he has been detained for less than 6 months, and

7

he has had at least 3 hearings, including a bond hearing, fall well within the Supreme Court's reasoning and holdings in the *Jennings* and *Demore* decisions and do not present any unusual or extreme circumstances that support a finding that the statute is unconstitutional as applied to him. For the same reasons, this Court also finds that Petitioner has not shown that his circumstances demonstrate a violation of his due process rights and, to the contrary, the record demonstrates otherwise. And, this Court agrees with the Magistrate Judge that Petitioner waived his claims under the APA by not including them in any filings until his Reply and, in the minimal arguments he makes under the APA, he has not shown there is a basis for relief. Finally, the undersigned finds that the Magistrate Judge did consider Petitioner's claims regarding the conditions of detention and his medical conditions and treatment and agrees with the Magistrate Judge that challenges to the conditions of his confinement and medical treatment were not the basis for Petitioner's claims in the Petition and are not properly before this Court. Any such claims may be brought pursuant to 42 U.S.C. § 1983. *See Mackey v. United States*, No. 21-13094, 2022 WL 17830252, at *2 (11th Cir. Dec. 21, 2022) ("Claims challenging the fact or duration of confinement fall within the core of habeas corpus, while claims challenging the conditions of confinement fall outside that core and may be brought pursuant to 42 U.S.C. § 1983." (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004))).

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) Judge D'Angelo's Report and Recommendation **[ECF No. 30]** is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review;

(2) The Verified Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**; and

(3) Petitioner's Motion to Supplement the Record **[ECF No. 29]** is **GRANTED**.

It is further

**ORDERED** that the Clerk is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of July, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record